905 F.2d 1528
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Howard William COLEMAN, Petitioner-Appellant,
v.
James N. ROLLINS, Warden; Attorney General of the State of
Maryland, Respondents-Appellees.
 No. 89-6405.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 25, 1990.
Decided May 4, 1990.
Rehearing and Rehearing In Banc Denied June 14, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (C/A No. 89-1966)
 Howard William Coleman, appellant pro se.
 John Joseph Curran, Jr., Attorney General, Jillyn Kaberle Schulze, Office of the Attorney General, Baltimore, Md., for appellees.
 D.Md.
 DISMISSED.
 Before DONALD RUSSELL, K.K. HALL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Howard Coleman, a Maryland inmate, seeks a certificate of probable cause to appeal the district court's dismissal of his petition for habeas corpus relief brought pursuant to 28 U.S.C. Sec. 2254. In his petition Coleman sought habeas relief on the grounds that: (1) he was denied effective assistance of counsel at trial; (2) the evidence was insufficient to sustain his conviction; and (3) he was denied the effective assistance of counsel in his direct appeal. The district court concluded that Coleman had not exhausted claim (3) and dismissed the petition without prejudice. Because it is unclear whether Coleman has exhausted claim (3), we agree with the district court that dismissal without prejudice was required.
 
 
 2
 In his second motion for post conviction relief filed in the Circuit Court for Allegany County, Coleman raised, among other things, the claim that he was denied the effective assistance of counsel in his direct appeal because his appellate counsel failed to raise the issue of insufficient evidence. The circuit court denied the petition and the Maryland Court of Special Appeals denied the application for leave to appeal. The claim that Coleman was denied effective assistance of counsel on appeal because appellate counsel failed to appeal the issue of insufficient evidence, therefore, is exhausted.
 
 
 3
 In his federal petition, however, Coleman does not appear to limit the claim of appellate counsel ineffectiveness to the sole issue of counsel's failure to appeal the sufficiency of the evidence. Instead, the federal claim alleges that appellate counsel, after reading the trial transcript, should have found all the issues set forth in the federal petition and raised them on appeal.
 
 
 4
 If a petition for habeas corpus relief contains both exhausted and non-exhausted claims, the district court must dismiss the petition without prejudice to the petitioner's refiling his petition after all of the claims have been properly exhausted. 28 U.S.C. Sec. 2254(b) and (c); Rose v. Lundy, 455 U.S. 509 (1982). If Coleman intended to raise in his federal petition a claim of appellate counsel ineffectiveness other than counsel's failure to appeal the issue of insufficient evidence, he has not exhausted his state court remedies.
 
 
 5
 Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 DISMISSED.